UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

KENT THOMAS,

        Defendant.

Case No. 18-cr-47-pp

---

**ORDER DENYING DEFENDANT'S *PRO SE* MOTION FOR RELEASE PENDING SENTENCING (DKT. NO. 41)**

---

      The defendant has a lawyer representing him in this case. On December 28, 2018, the court received a letter from the defendant, raising several issues. Dkt. No. 41. First, he expressed concern that while his attorney had provided him with a thumb drive containing his discovery, the Waukesha County Jail staff had been indicating to him that he didn't have a thumb drive on file (even though he'd seen it when it first arrived at the facility). The defendant indicated that neither the jail staff nor his lawyer nor the marshal had helped him with the missing drive. Next, he asked why, if he was indicted on this federal charge on March 20, 2018, it had taken almost three months—until June 12, 2018—for him to make his first appearance in federal court. Finally, he asked whether the court would release him to electronic monitoring pending his sentencing (scheduled for April 9, 2019 at 9:30 a.m.). Id.

      The defendant explains that he is asking all these things because the court asked him at his November 15, 2018 plea hearing whether he had any

1

questions. The court *did* ask, at the plea hearing, whether the defendant had any questions. The defendant's lawyer was present in court with him; what the court meant was whether the defendant had any questions about the plea hearing that the court could answer.

Because the court is a "neutral" party—it doesn't represent the government or the defendant—it cannot give the defendant legal advice in response to his letter. Regarding the thumb drive, the government has filed a response to the defendant's motion, indicating that AUSA Ladwig will work with the defendant's lawyer to address "any access issues that the defendant may be encountering." Dkt. No. 42 at 2. The court strongly encourages the defendant to continue to talk with his lawyer about the thumb drive issue, knowing that the prosecutor is going to try to be of assistance, as well.

Regarding the question of why the defendant did not appear on his federal charge until June 12, 2018—almost three months after his indictment—the government represented before Magistrate Judge Joseph, and has represented again in its response to the defendant's motion, that the defendant was brought to federal court only a single day after the state charges were resolved. As to any legal issues relating to the delay, the defendant must discuss those with his attorney. The court cannot give the defendant advice on that subject.

Finally, the defendant asks the court to release him on location monitoring until his April sentencing. He says that he would like to meet his new daughter (who is almost eleven months old), and get himself together

financially, before he is sentenced in April. He also indicates that he knows he has a lot at stake with his plea agreement, and that he won't let the court down if he's released on the bracelet. He also attached a GED test history report, showing that in the past three months, he has passed the Wisconsin civics, science and social studies segments of the GED test, and indicates he has only two more segments to complete to earn his GED. Dkt. No. 41-1.

As the government noted in its response, the defendant has had two bond hearings here in federal court; at both hearings, the court ordered the defendant detained. He has also pled guilty to charge against him. The court can certainly understand that the defendant wants to meet his baby daughter, and it is very impressive that the defendant has been using his time to earn his GED (and done so well on the tests he's taken so far). But as the government states, the defendant has not cited any information that would change the analysis the court conducted in the order it issued on August 27, 2018 (dkt. no. 34). As the court already has noted, the defendant has pled guilty to knowingly assisting another person in committing two armed, violent offenses—a robbery of a real estate company and a carjacking. The defendant had the gun in his possession when he was arrested. The defendant does not have an extensive work history, but he does have a criminal history that includes several arrests for bail jumping and several offenses involving guns. He has an admitted history of marijuana use. These were the reasons this court ordered him detained in August. Although it is very admirable that the defendant is getting his GED, that fact alone does not address these other

issues. And because the defendant now has pled guilty, he is no longer entitled to a presumption that he did not commit the federal crimes with which he was charged.

The court encourages the defendant to keep up the good work and earn his GED. It will help him at sentencing. The court also encourages the defendant to remain in touch with his lawyer, and to try (even though the court acknowledges it is probably very hard) to be patient and remain positive. Finally, the court notes that counsel for the government indicated in his response that he did not object to moving the defendant's sentencing up to an earlier date, if all the parties—the government, the defense and probation—could find an earlier date that works. The court has no objection to the parties contacting the court's staff and trying to arrange an earlier date, if the parties can find a date that would work for the court's calendar.

The court **DENIES** the defendant's *pro se* motion for bond pending sentencing. Dkt. No. 41.

Dated in Milwaukee, Wisconsin this 2nd day of January, 2019.

                                        **BY THE COURT:**

                                        _____
                                        **HON. PAMELA PEPPER**
                                        **United States District Judge**